# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARRILLO, JR.,<br><br>Petitioner,<br><br>v.<br><br>DANIEL PARAMO,<br><br>Respondent. | Case No. 1:15-cv-00624-GSA-HC<br><br>ORDER DISMISSING CLAIMS 1, 2, 3, 4, AND CLAIM 5 TO THE EXTENT IT CHALLENGES THE CONVICTION<br><br>ORDER TRANSFERRING CLAIM 5 TO THE SOUTHERN DISTRICT OF CALIFORNIA TO THE EXTENT IT CHALLENGES THE EXECUTION OF THE SENTENCE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 6).

**I.**

**BACKGROUND**

On April 19, 2015, Petitioner filed the instant petition in this Court.[1] (Pet., ECF No. 1). Petitioner was convicted in 1997 in the Kern County Superior Court of three counts of robbery, one count of grand theft, one count of kidnapping, one count of false imprisonment, one count of vehicle theft of a cab, possession of a firearm by a felon, possession of a sawed-off rifle, and

---

[1] Pursuant to the mailbox rule, the Court deems the petitions filed on the date they were signed and presumably handed to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

1

enhancements. (ECF No. 1 at 72, 89-90).[2] On October 2, 1997, Petitioner was sentenced to 198 years to life, of which 75 years was stayed. (ECF No. 1 at 90). After timely appeal and upon two remittiturs, Petitioner's sentence was reduced to 168 years to life. (ECF No. 1 at 97-99).

On June 19, 2015, the Court issued an order for Petitioner to show cause why the petition should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d). (ECF No. 7). On July 20, 2015, Petitioner submitted objections to the order to show cause. (ECF No. 8).

## II.

## DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). In Herbst v. Cook, the Ninth Circuit concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

### B. Venue

When a prisoner files a state habeas petition in a state that contains two or more federal judicial districts, the petition may be filed in either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting Carbo v. United States, 364 U.S. 611, 618 (1961)). Petitions challenging convictions or sentences are preferably heard in the district of conviction. See Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal.1968).

---

[2] Page numbers refer to the ECF pagination.

Petitions challenging the execution of a sentence are preferably heard in the district where the inmate is confined. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). Section 2241 further states that, rather than dismissing an improperly filed action, a district court, "in the exercise of its discretion and in furtherance of justice[,] may transfer" the habeas petition to another federal district for hearing and determination. Id.; see also 28 U.S.C. § 1404(a) (court may transfer any civil action "to any other district or division where it might have been brought" for convenience of parties or "in the interest of justice").

The first, second, third, and fourth claims of the instant petition clearly attack Petitioner's conviction or sentence. As Petitioner was convicted in Kern County, this Court is the proper venue for the first, second, third, and fourth claims. It appears to the Court that Petitioner's fifth claim includes sub-claims that are challenges to the conviction or sentence and a sub-claim that is a challenge to the execution of the sentence. Petitioner's sub-claims that the sentence is cruel and unusual punishment because of the length of the sentence and that he was improperly sentenced under the Three Strikes Law are challenges to the sentence, which are properly in this Court. In Petitioner's fifth claim, he also asserts that he currently is only eligible to earn credits for up to one-fifth of his term of imprisonment, but he should be able to earn credits for up to one- third of his term of imprisonment. (ECF No. 1 at 52). Petitioner's sub-claim that he should be earning more credits is a challenge to the execution of the sentence. Petitioner is presently confined at R.J. Donovan Correctional Facility, which is in San Diego County, which is within the jurisdictional boundaries of the United States District Court for the Southern District of California. See 28 U.S.C. § 84(d). Therefore, venue is proper for Petitioner's claim challenging the execution of the sentence in the Southern District of California, and this claim will be transferred to the Southern District of California.

**C. Limitation Period for Filing a Petition for Writ of Habeas Corpus**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118

S.Ct. 586 (1997). As the instant petition was filed on May 19, 2014, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Petitioner was sentenced on October 2, 1997. He appealed, and the Fifth Appellate District issued a decision on April 27, 2000, reversing Petitioner's conviction on counts 2 and 5 and remanding the matter for resentencing. (ECF No. 1 at 98). On March 11, 2002, Petitioner was sentenced to 173 years to life by the trial court. (ECF No. 1 at 98). Petitioner appealed that new sentence, and the Fifth Appellate District modified Petitioner's sentence to 168 years to life. (ECF No. 1 at 99). The Fifth Appellate District directed the trial

court to file an amended abstract of judgment consistent with the opinion. (ECF No. 1 at 99). Based upon the documentation that Petitioner presented, it appears that the Fifth Appellate District issued its decision in 2003. (ECF No. 1 at 90, 97-101). Pursuant to Rules 24(a), 28(b), and 45(a) of the Cal. Rules of Court, Petitioner had forty days to file a petition for review in the California Supreme Court after the appellate court filed its opinion. It appears that Petitioner did not file a petition for review in the California Supreme Court.[3] In this case, it appears that the trial court issued an amended judgment in 2003 upon direction of the Fifth Appellate District and after Petitioner did not appeal to the California Supreme Court, and therefore, the limitations period began to run sometime in 2003. Petitioner does not contest that direct review concluded in 2003.

Petitioner had one year from the start of the limitations period, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Therefore, absent applicable tolling, Petitioner had to file his federal petition for writ of habeas corpus in 2004. In fact, Petitioner concedes that the limitations period expired in 2004. (ECF No. 8 at 1). However, Petitioner delayed filing the instant petition until April 19, 2015, over ten years after the expiration of the statute of limitations. Therefore, Petitioner's federal petition is untimely absent any applicable tolling.

        1. <u>Statutory Tolling</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, Petitioner is not entitled to any statutory tolling, because his collateral challenges in state court were filed after the expiration of the one-year limitations period. It appears that Petitioner filed his first state habeas petition on September 3, 2013. (ECF No. 1 at 89). Therefore, Petitioner's state habeas petitions did not toll the limitations period or operate to revive it. See <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000) (holding that

---

[3] It appears that the only filing by Petitioner in the California Supreme Court was his petition for writ of habeas corpus in case number S217724 which was denied on June 11, 2014. (ECF No. 1 at 73, 103).

Petitioner is not entitled to tolling where the limitations period has already run).

        2.   Equitable Tolling

Petitioner argues that the petition is timely because he is entitled to equitable tolling. (ECF No. 8 at 1). Petitioner argues that he is entitled to equitable tolling because of his counsel's ineffective assistance of counsel. Equitable tolling may be available, depending on the particular facts, where counsel is retained to file a petition for post-conviction relief and fails to do so. However, a petitioner must demonstrate that he personally made reasonably diligent attempts to ensure that his petition was filed on time. See Spitsyn v. Moore, 345 F.3d 796, 801-02 (9th Cir. 2003). In this case, Petitioner has not shown that his counsel failed to present claims on his behalf and that he diligently attempted to ensure that his petition was filed on time. Petitioner did not file his first state habeas petition until September 3, 2013.

Petitioner also argues that he is entitled to equitable tolling because the California Three Strikes sentencing enhancement scheme is unsettled law. Petitioner asserts that Proposition 36 established "room for further reconsideration" and Proposition 47 established "a new standard and criteria for sentencing." (ECF No. 8 at 4).

It is clear that Petitioner's first, second, third, and fourth claims are untimely. These claims were ripe at the time Petitioner's direct review concluded. Any new changes in the Three Strikes Law, Proposition 36, or Proposition 47 have no bearing on Petitioner's first four claims. Petitioner has not presented any reason to entitle him to equitable tolling on his first, second, third, and fourth claims. As the limitations period expired in 2004 for Petitioner's first four claims, these claims are untimely and must be dismissed for violating the limitations period of 28 U.S.C. § 2244(d).

In Petitioner's fifth claim, he argues that California's Three Strikes provision violates the provisions against cruel and unusual punishment. (ECF No. 1 at 5). Petitioner argues that his sentence violates the cruel and unusual punishment clause of the California Constitution and of the United States Constitution.[4] Petitioner's sub-claim that his sentence violated the provisions

---

[4] On habeas corpus review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States. Habeas relief does not lie for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991). Therefore, the court notes that in addition to violating the limitations period, Petitioner's challenge to his

against cruel and unusual punishment was ripe at the time that his direct review concluded, and therefore, this sub-claim is untimely and must be dismissed.

In a sub-claim of Petitioner's fifth claim, he asserts that he should not have been sentenced for his robbery conviction under the Three Strikes Law, because it did not include "ordinary robbery" as violent at the time that he was sentenced. (ECF No. 8 at 5). Petitioner also argues that Cal. Penal Code § 667.5 has continued to evolve. However, the fact that Cal. Penal Code § 667.5 has changed over the years, does not have an impact on whether Petitioner was properly sentenced under the Three Strikes Law at the time of his conviction. Any new changes in the Three Strikes Law, Proposition 36, or Proposition 47 have no bearing on Petitioner's argument that Cal. Penal Code § 667.5 did not include "any robbery" at the time of Petitioner's conviction. Therefore, Petitioner has not shown that he is entitled to equitable tolling on his claim that Cal. Penal Code § 667.5 did not include "any robbery" at the time of Petitioner's conviction. Thus, this sub-claim of Petitioner's fifth claim is untimely and must be dismissed.

### III.

### CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of

---

sentence as cruel and unusual punishment pursuant to the California Constitution is not cognizable on federal habeas review. <u>Id</u>.

> such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court hereby declines to issue a certificate of appealability.

## IV.
## ORDER

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner's sub-claim in his fifth claim that his equal protection rights are being violated because he should be able to earn credits for up to one-third of his term of

imprisonment is TRANSFERED to the United States District Court for the Southern District of California;

2. Petitioner's remaining claims in the petition are DISMISSED for violating the limitations period of 28 U.S.C. § 2244(d);

3. The Clerk of Court is DIRECTED to close the action; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 18, 2015**                                  **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE